**F.R. LePAGE BAKERY, INC.,**
**Appellant,**

v.

**ROUSH BAKERY PRODUCTS CO.,**
**INC., Appellee.**

No. 88–1095.

United States Court of Appeals,
Federal Circuit.

Dec. 13, 1988.

Gerald J. Flintoft, of Pennie & Edmonds, New York City, argued for appellant. With him on the brief were Philip T. Shannon, Brian D. Coggio, Thomas A. Canova and Joseph Diamante.

G. Franklin Rothwell, of Bernard, Rothwell & Brown, P.C., Washington, D.C., for appellee. Of counsel was Raymond A. Kurz.

Before FRIEDMAN, RICH and NEWMAN, Circuit Judges.

## ORDER

RICH, Circuit Judge.

This cancellation proceeding, on appeal from the United States Patent and Trademark Office (PTO) Trademark Trial and Appeal Board (board), was originally decided July 7, 1988, 851 F.2d 351, 7 USPQ2d 1395, our opinion explaining why, on the facts then before us, the decision of the board granting the petition of Roush Bakery Products Co., Inc., to cancel F.R. LePage Bakery, Inc.'s, registration had to be affirmed.

Subsequent to the handing down of our opinion, our mandate has been stayed as a result of the filing of various petitions and motions stimulated, in part, by a suggestion in footnote 4 * to our opinion that cancellation might not be necessary if LePage were to reassign the registration to its original owner.

Among the papers filed in this court subsequent to our opinion are what purport to be copies of an agreement dated September 29, 1988 between LePage and American Bakers Cooperative, Inc. (ABC), the original owner, reassigning Collective Mark Registration No. 629,650 and of a separate assignment of the same for recording in the PTO, also dated September 29, 1988. (We are not informed whether the reassignment has been filed in the PTO.)

The sole basis of our original opinion was that the Collective Mark Registration had been assigned by ABC to LePage, which had no right to own such a registration. It now appears that the facts have probably been changed and that ABC, the original registrant, is repossessed of the registration. This appellate court, however, is not a fact-finding body, does not receive evidence, and the determination of presently existing facts affecting the registration sought to be cancelled is initially for the PTO, as is the legal effect of the facts on the petition to cancel. Our final footnote was merely a suggestion and in no sense a decision on what legal effect it would have if adopted.

Under the somewhat unusual circumstances of this case, we modify our original decision of July 7, 1988 to afford the PTO the opportunity to reconsider the petition in light of the changed facts and afford the parties the opportunity to present to the PTO such factual evidence as they may have.

WHEREFORE, IT IS ORDERED THAT:

(1) Our decision of July 7, 1988 to affirm the decision of the board is withdrawn and is hereby replaced by a decision *vacating* the decision of the board. Our opinion stands otherwise unchanged.

(2) The case is *remanded* to the Patent and Trademark Office so that it may consider the now-existing factual situation respecting ownership of Collective Mark Registration No. 629,650 and such evidence as the parties may present pertaining thereto.

(3) The stay of mandate is lifted and the mandate shall issue forthwith.

(4) Each party to this appeal shall bear its own costs.

---

* In the slip opinion this footnote was misnumbered 3 and the 3d note was misnumbered 2 (a duplication). The numbering in F.2d and USPQ is correct. The note referred to is the last footnote in the opinion.